**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6845

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NESTOR LEON, II, a/k/a Leon Nestor,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:14-cr-00134-MOC-DSC-1; 3:23-cv-00349-MOC)

Submitted:  January 30, 2024                     Decided:  February 6, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Nestor Leon, II, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nestor Leon, II, seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2255 motion. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc) (explaining that § 2255 motions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2255(f)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Leon has not made the requisite showing. Specifically, while Leon claims on appeal that he is actually innocent of the 18 U.S.C. § 922(g) offense of which he was convicted in 2017, reasonable jurists could not debate the district court's rejection of his self-serving assertion that his civil rights had been restored and that he was thus unaware of his prohibited status at the time of the offense. *See Rehaif v. United States*, 139 S. Ct. 2191, 2195-97, 2200 (2019) (holding that § 922(g) offense requires proof that defendant knew of his prohibited status); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that tenable showing of actual innocence may excuse movant's failure to comply with the limitations period in § 2255(f)). Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*